UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMA SHARI,<br><br>        Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA,<br><br>        Defendant. | Case No. 25-cv-04946-LJC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION** |

Plaintiff Homa Shari, pro se, brings this action against Defendant Bank of America. Shari alleges that funds were wrongfully "cashed out" of Shari's account through the use of a cashier's check that Shari had not authorized, and that Bank of America did not resolve the issue despite Shari's complaints. *See generally* Compl. (ECF No. 1). Shari previously filed a similar case, which Judge Martínez-Olguín dismissed without prejudice based on Shari's failure to serve Bank of America with process as required by Rule 4 of the Federal Rules of Civil Procedure within more than a year after Shari filed that case, after Judge Martínez-Olguín granted Shari a substantial extension of time to complete service beyond the ninety days allowed under Rule 4(m). *See Shari v. Bank of Am.*, No. 24-cv-02318-AMO, ECF No. 14 (N.D. Cal. May 8, 2025).

As Shari might recall from another previous case that Shari filed against a different defendant,[1] federal courts have limited subject matter jurisdiction and may only hear cases falling within that jurisdiction. "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Two of the most common grounds for federal subject matter

---

[1] *Shari v. Russell*, No. 24-cv-08595-SI, ECF Nos. 14 & 16 (Apr. 17, 2025 & May 13, 2025)

jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, which applies to claims "arising under the Constitution, laws, or treaties of the United States," and diversity jurisdiction under 28 U.S.C. § 1332(a), which applies to cases where no defendant is a citizen of the same state as any plaintiff *and* where the amount in controversy exceeds $75,000.

Shari checked a box in the form Complaint asserting federal question jurisdiction under § 1331, and did not check the box to assert diversity jurisdiction under § 1332(a).[2]  Compl. at 4. But Shari has not identified any federal law, treaty, or constitutional provision under which any claim in this case arises.  In response to the form's question on that subject ("Which federal law or right is involved?"), Shari wrote only:

> "Banking,"CORPORATION"

Compl. at 4 (punctuation and capitalization as in original).  Shari similarly captions the only legal claim in the Complaint as "Banking, CORPORATION," Compl. at 7, and Shari's description of that claim does not identify any federal law at issue (or, for that matter, any other law at issue).

Shari is therefore ORDERED TO SHOW CAUSE why the Complaint should not be dismissed for lack of subject matter jurisdiction.  Shari must file no later than July 9, 2025 either: (1) a response to this Order explaining why the current Complaint should be allowed to proceed in this Court; or (2) an amended complaint establishing grounds for federal subject matter jurisdiction.  If Shari chooses to file an amended complaint, it would completely replace the original Complaint, and therefore must include all of the claims and defendants Shari wishes to pursue and factual allegations that Shari wishes to assert, without reference to the original Complaint.

The Court notes that Shari asserts that the previous case before Judge Martínez-Olguín was never given a "court date."  Compl. at 1.  The initial case management conference in this case is currently set for September 11, 2025 at 1:30 PM, to occur by Zoom videoconference.  ECF No. 2. Access instructions are available at http://cand.uscourts.gov/ljc/.  The case management

---

[2] The requirements for diversity jurisdiction are also not apparent from Shari's Complaint, which does not specifically identify the state of citizenship of any party, lists California addresses for both Shari and Bank of America, and appears to allege an amount in controversy of $16,629.

2

conference is intended to allow the Court and the parties to plan a schedule for the case. The Court reserves the right to vacate or change the date of the case management conference, and will notify Shari if it does so. The Court also may decide the case before the case management conference if appropriate, including if Shari fails to respond to this Order to Show Cause or fails to establish subject matter jurisdiction.

As Shari has been advised in other cases, resources are available for parties representing themselves. If Shari continues to pursue this case without a lawyer, Shari is encouraged review the resources available at https://www.cand.uscourts.gov/pro-se-litigants/ and to consult with the Federal Pro Bono Project's Legal Help Center. Attorneys at the Legal Help Center cannot provide legal representation but can provide basic assistance to parties representing themselves. Shari may schedule an appointment with the Legal Help Center by emailing fedpro@sfbar.org calling (415) 782-8982.

Again, if Shari does not file a response to this Order establishing a basis for federal subject matter jurisdiction by July 9, 2025, this case may be dismissed. As stated by Judge Martínez-Olguín in Shari's previous case against Bank of America, Shari will also need to serve Bank of America with summons and the complaint as required by Rule 4 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: June 18, 2025

LISA J. CISNEROS
United States Magistrate Judge