UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMA SHARI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA,<br><br>　　　　Defendant. | Case No. 25-cv-04946-LJC<br><br>**REPORT AND RECOMMENDATION FOR DISMISSAL** |

　　　　On June 18, 2025, the undersigned magistrate judge ordered Plaintiff Homa Shari, pro se, to show cause why this case should not be dismissed for lack of subject matter jurisdiction. ECF No. 3. The undersigned noted that Shari had checked a box indicating Shari was asserting federal question jurisdiction under 28 U.S.C. § 1331, but had failed to identify any federal law at issue. *Id.* at 2. The undersigned also noted that Shari declined to assert diversity jurisdiction under 28 U.S.C. § 1332(a), and that Shari's initial filing (which the undersigned construed as a complaint, although it is not captioned with any title) did not establish the requirements for diversity jurisdiction because it did not address any party's state of citizenship and appeared to seek only $16,629, which is less than the $75,000 amount-in-controversy threshold for that statute. *Id.* at 2 n.2. The undersigned required Shari to file an amended complaint or other response no later than July 9, 2025, and instructed Shari that the case may be dismissed if Shari's response failed to "establish[] a basis for federal subject matter jurisdiction." *Id.* at 2–3.

　　　　Shari filed a document on July 7, 2025 (misdated as 2026) asserting that Shari is now seeking fifty million dollars as compensation for an "extremely stressful + painful" process. ECF No. 5 at 1 (emphasis and punctuation omitted).

　　　　Shari's response does not identify any federal law at issue, and therefore does not establish federal question jurisdiction under § 1331. To the extent Shari may now intend to invoke diversity

jurisdiction by asserting a larger amount in controversy, at least two issues remain unresolved. First, mere "[c]onclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003)).  Shari has provided no factual allegations that might support a claim for fifty million dollars, and thus has not satisfied the amount-in-controversy requirement of § 1332(a).  Nor has Shari alleged—even in a conclusory manner—the state of citizenship of any party to the case, as would be necessary to establish diversity of citizenship.

Accordingly, Shari's response did not establish subject matter jurisdiction as required by the previous Order to Show Cause.  The undersigned therefore, and for the reasons stated in the Order to Show Cuse, recommends that this case be DISMISSED sua sponte for lack of subject matter jurisdiction, without leave to amend, but without prejudice to Shari filing a claim in a court of competent jurisdiction.  Shari may file objections to this recommendation no later than July 31, 2025.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 6(d).

Because not all parties have appeared and consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), this case will be reassigned to a district judge for all further proceedings, including action on this recommendation for dismissal.  The undersigned has separately referred this case to the Honorable Araceli Martínez-Olguín to determine whether it is related to case number 24-cv-02318.  If Judge Martínez-Olguín determines that the cases are related, this case will be reassigned to her.  Otherwise, the case will be reassigned to a randomly selected district judge.

Dated: July 14, 2025

LISA J. CISNEROS
United States Magistrate Judge

2